omUNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PINELLAS MARINE SALVAGE, INC. and JOHN MAVROGIANNIS,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH R. FEINBERG and FEINBERG ROZEN, LLP, d/b/a/ GULF COAST CLAIMS FACILITY,<br><br>Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

The Defendants hereby give notice under 28 U.S.C. §§ 1331 and 1441 of the removal of the above-captioned case, currently pending in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida. As will appear, this Court has original jurisdiction over this case under 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

## BACKGROUND

1. On or about March 1, 2011, Plaintiff served their State Court Complaint filed in Pinellas County Circuit Court on the Defendants (the "State Court Action"). Exhibit 1, *infra*.

2. The Complaint recites the fact of the 2010 oil spill in the Gulf of Mexico due to the explosion and fire aboard the Deepwater Horizon drilling rig (Cplt. ¶¶ 1, 23); that British Petroleum Co. ("BP") is a "responsible party" for the spill under the Oil Pollution Act, 33 U.S.C. §§ 2701 *et seq.* ("OPA") (*id.* ¶¶ 2, 24); that OPA requires a responsible party to establish a procedure for the consideration and possible payment of claims for damages resulting from the spill (*id.* ¶ 24); that, at the request of the White House and BP, Defendant Kenneth Feinberg,

acting through Defendant Feinberg Rozen, LLP, established the Gulf Coast Claims Facility ("GCCF") "to independently administer and where appropriate settle and authorize the payment of certain claims asserted against BP" (*id.* ¶ 27); and that GCCF has "replaced the original BP claims process and commenced performing BP's obligations under OPA with respect to private economic loss claims." *Id.* ¶ 30.

3. OPA requires individuals and/or businesses seeking damages as a result of the spill to first present their claims to the responsible party. *Id.* ¶¶ 5, 98. If the responsible party denies the claim or fails to act on it within 90 days, the claimant may then file suit in court or present the claim to the Oil Spill Liability Trust Fund, administered by the Coast Guard. *Id.*

4. The Complaint alleges that the Defendants have failed in various respects to comply with OPA in handling the claim Plaintiffs presented to the GCCF. Thus, Plaintiffs allege that the Defendants –

> have fraudulently stated that the protocol under which GCCF operates "is structured to be compliant with OPA and apply the standards of OPA" (*id.* ¶¶ 3, 35, 66, 68);
>
> have impermissibly "reset" the 90-day period under OPA because "OPA does not allow the responsible party to 're-advertise' a claim through any other entity, for the purpose of 'resetting' this period" (*id.* ¶ 6);
>
> have fraudulently delayed payment to Plaintiffs by requiring them to resubmit to the GCCF the claim they originally submitted to BP (*id.* ¶ 7);
>
> have committed fraud by failing to advise Plaintiffs that "no claimant should receive any less compensation in the GCCF claims process than they are entitled to under OPA" and that "under OPA * * * any acceptance for a lesser amount [than the claim submitted] *shall not* preclude the claimant from pursuing future recovery" in court or from the federal Oil Spill Fund (*id.* ¶ 12);
>
> have fraudulently required Plaintiffs to prove "proximate causation between [their] damages and the Deepwater Horizon oil spill incident" when "OPA is a strict liability statute" and requires only that a claimant "show that his or her damages 'resulted from' the oil spill" (*id.* ¶ 70);
>
> have fraudulently "failed to provide a procedure for the payment or settlement of claims for interim, short-term damages beyond 90 days" because "[a] single

LIBW/1773953.2

six-month emergency advance payment for lost income is in violation of OPA" (*id.* ¶¶ 74, 78);

have, "in violation of OPA, provide[d] for a single final settlement payment" (*id.* ¶ 21);

have fraudulently stated "that no claim may be submitted to the GCCF 'more than three years after the date the Protocol becomes operative'" because OPA permits claims brought "within three years after the date on which the loss" and its connection with the spill is discoverable (*id.* ¶¶ 82-83);

have fraudulently failed to advise Plaintiffs of certain information about the OPA claims procedure (*id.* ¶¶ 86-90, 97);

have fraudulently failed to pay interest required by OPA (*id.* ¶¶ 92-93);

have fraudulently required a full release of claims in return for payment, in violation of OPA (*id.* ¶¶ 94-96); and

have fraudulently delayed payment to Plaintiffs by holding their claim under review indefinitely in violation of OPA (*id.* ¶¶ 98-99).

5. Plaintiffs' causes of action purport to state claims under Florida common law, but they all allege and depend on finding a violation of OPA. Thus, for example, Counts I and II, for Gross Negligence and Negligence, assert that Defendants owe Plaintiffs a duty "to exercise reasonable care in regard to the operation of Defendant GCCF's claims intake, claim review, claim evaluation and claim settlement and payment services" (*id.* ¶¶ 110, 118), and that Defendants have breached that duty "in their negligent operation of Defendant GCCF's claim intake, claim review, claim evaluation and claim settlement and payment services in" various manners, including "Inadequate Claim Processing," "Inadequate Claim Investigation," "Delay in Payment," and "Unreasonable Denial of Claim." *Id.* ¶¶ 112, 121.

6. Count III of Plaintiff's Complaint, alleging negligence *per se,* alleges that "Defendant's conduct with regard to the operation of Defendant GCCF's claim intake, claim review, claim evaluation and claim settlement and payment services is governed by the Oil

3

Pollution Act of 1990" which "creates statutory standards that are intended to protect and benefit Plaintiffs," and that "Defendants' violations of these statutory standards constitute negligence *per se.*" *Id.* ¶¶126-28.

7. Count IV, for fraud, asserts that Defendants have falsely represented that "[t]he protocol under which Defendant GCCF operates is structured to be compliant with OPA and apply the standards of OPA." *Id.* ¶ 131.

8. Counts V (fraudulent inducement), VI (promissory estoppel), and VII (unjust enrichment) also depend on finding that the Defendants have violated OPA.

## FEDERAL QUESTION JURISDICTION EXISTS

Federal District Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This case arises under OPA because, as shown above, all of Plaintiffs' claims assert violations of OPA and will require an interpretation of OPA notwithstanding that Plaintiffs' claims are purportedly asserted under state law. See also 33 U.S.C. § 2717(b), giving federal district courts "original jurisdiction over all controversies arising under this Act [OPA], without regard to the citizenship of the parties or the amount in controversy."

The case also arises under the Outer Continental Shelf Lands Act, which grants a federal district court subject-matter jurisdiction of a case or controversy "arising out of, or in connection with * * * any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf." 43 U.S.C. § 1349(b)(1). Accordingly, in *Phillips v. BP LPC*, 2010 U.S. Dist. LEXIS 84432 *3 (Aug. 17, 2010, N.D. Fla.), the plaintiff sued BP in state court for damages resulting

from the Deepwater Horizon spill, BP removed the case to federal court, and the court denied plaintiff's motion to remand, ruling:

> When it exploded, the *Deepwater Horizon* was operating on the outer continental shelf. Its operations were part of the exploration for, and intended development and production of, continental-shelf oil. * * *.
>
> As a matter of plain English, § 1349(b)(1) provides federal jurisdiction over the plaintiff's claim, because the claim arises out of, and is connected with, the *Deepwater Horizon's* oil-related operations on the continental shelf. That begins and ends the proper analysis of the jurisdictional issue as presented in this case.

Accordingly, the service of the Notice of Removal in the State Court Action vests this Court with original federal subject matter jurisdiction over this action, giving Defendants the right to remove the case under 28 U.S.C. § 1441.

## DIVERSITY JURISDICTION EXISTS

Plaintiff Pinellas Marine Salvage, Inc. is a corporation organized under the laws of the State of Florida. Cplt. ¶ 18. Plaintiff John Mavrogiannis is a resident of Pinellas County, Florida. *Id.* ¶ 19. Defendant Feinberg is a resident of the District of Columbia. *Id.* ¶ 20. Defendant Feinberg Rozen is a District of Columbia limited liability partnership with its principal place of business in Washington, D.C. *Id.* ¶ 21. Defendant GCCF is simply an entity created by Defendant Feinberg and Defendant Feinberg Rozen. *Id.* ¶ 22. Thus complete diversity exists between the Plaintiffs and the Defendants. Plaintiff has requested payment from GCCF in the amount of $98,000 (*id.* ¶ 42) and has submitted a claim to the GCCF for $900,000 (*id.* ¶ 44), and complains of non-payment (*e.g., id.* ¶ 122). Hence the amount in controversy exceeds $75,000.

Accordingly, the service of the Notice of Removal in the State Court Action vests this Court with original diversity jurisdiction over this action, and the Defendants therefore have the right to remove the case under 28 U.S.C. § 1441.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

Removal to Proper Court. In accordance with 28 U.S.C. § 1446(a), Defendant is filing this Notice of Removal in the federal district court and division embracing the state court where the State Court Action was filed.

Removal is Timely. Defendants were served with the Complaint on March 1, 2011. This Notice is timely filed within 30 days of service, as required by 28 U.S.C. § 1446(b).

Pleadings and Process. Attached hereto as Exhibit 1 are copies of all process, pleadings and orders served upon Defendants in the State Court Action, as required by 28 U.S.C. § 1446(a).

Notice. Attached hereto as Exhibit 2 is a copy of the Notice of Removal to Opposing Counsel, which will be promptly served upon Plaintiffs and filed with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, as required by 28 U.S.C. §§ 1446(a), 1446(d). Attached hereto as Exhibit 3 is a copy of a Notice of Filing of Notice of Removal, which will be promptly served upon Plaintiffs and filed with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, as required by 28 U.S.C. § 1446(d).

Consent to Removal. All Defendants file this Notice or Removal and consent to removal of this case.

Signature. This Notice of Removal is signed under Fed. R. Civ. P. 11, as required by 28 U.S.C. § 1446(a).

<u>Bond and Verification</u>.  No bond is required in connection with this Notice of Removal and this Notice need not be verified.  *See* § 1016 of the Judicial Improvements and Access to Justice Act of 1988.

WHEREFORE, this action should proceed in the United States District Court for the Middle District of Tampa as an action properly removed thereto.

Respectfully submitted,

/s/ **Eric S. Adams**
Eric S. Adams, Esquire
Florida Bar No. 0090476
SHUTTS & BOWEN LLP
100 S. Ashley Dr., Suite 1500
Tampa, Florida 33602
Telephone: (813) 227-8122
Facsimile: (813) 229-8901
eadams@shutts.com

and

David B. Pitofsky, Esquire
Goodwin Procter, LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone:  (212_ 813.8972
dpitofsky@goodwinprocter.com
**Local admission anticipated**

and

William F. Sheehan, Esquire
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202)346.4303
wsheehan@goodwinprocter.com
**Local admission anticipated**

Counsel for Defendants

March 18, 2011

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing was sent by U.S. Mail to: **Brian J. Donovan, Esquire**, 3102 Seaway Court, Suite 304, Tampa FL  33629, this 18th day of March, 2011.

/s/ **Eric S. Adams**
Attorney